## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN LEE, derivatively on behalf of HYZON MOTORS, INC. f/k/a DECARBONIZATION PLUS ACQUISITION CORPORATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>ERIK ANDERSON, PETER HASKOPOULOS, CRAIG KNIGHT, MARK GORDON, JENNIFER AAKER, JANE KEARNS, PIERRE LAPEYRE, JR., DAVID LEUSCHEN, JIM MCDERMOTT, JEFFREY TEPPER, ROBERT TICHIO, MICHAEL WARREN, IVY BROWN, DENNIS EDWARDS, GEORGE GU, VIKTOR MENG, KI DEOK PARK, and ELAINE WONG,<br><br>                    Defendants,<br><br>          and<br><br>HYZON MOTORS, INC. f/k/a DECARBONIZATION PLUS ACQUISITION CORPORATION,<br><br>                    Nominal Defendant. | Civil Action No.: 6:21-cv-06744-CJS |
| TAMÁS RÉVÉSZ, Derivatively and On Behalf of HYZON MOTORS INC. f/k/a DECARBONIZATION PLUS ACQUISITION CORPORATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>ERIK ANDERSON, PETER HASKOPOULOS, CRAIG KNIGHT, MARK GORDON, IVY<br><br>[caption continues on the following page] | Civil Action No.: 6:22-cv-6012-CJS |

BROWN, DENNIS EDWARDS, GEORGE
GU,VIKTOR MENG, KI DEOK PARK,
ELAINE WONG, JENNIFER AAKER, JANE
KEARNS, PIERRE LAPEYRE, JR., DAVID
LEUSCHEN, JIM MCDERMOTT, JEFFREY
TEPPER, ROBERT TICHIO, and MICHAEL
WARREN,

              Defendants,

    and

HYZON MOTORS INC. f/k/a
DECARBONIZATION PLUS ACQUISITION
CORPORATION,

              Nominal Defendant.

---

ZOHEIR SHORAB, derivatively on behalf of
HYZON MOTORS, INC. f/k/a
DECARBONIZATION PLUS ACQUISITION
CORPORATION,

              Plaintiff,

    v.

ERIK ANDERSON, PETER HASKOPOULOS,
CRAIG KNIGHT, MARK GORDON,
JENNIFER AAKER, JANE KEARNS, PIERRE
LAPEYRE, JR., DAVID LEUSCHEN, JIM
MCDERMOTT, JEFFREY TEPPER, ROBERT
TICHIO, MICHAEL WARREN, IVY BROWN,
DENNIS EDWARDS, GEORGE GU, VIKTOR
MENG, KI DEOK PARK, and ELAINE
WONG,

              Defendants,

    and

HYZON MOTORS, INC. f/k/a
DECARBONIZATION PLUS ACQUISITION
CORPORATION,

              Nominal Defendant.

Civil Action No.: 6:22-cv-06023

**JOINT STIPULATION AND [~~PROPOSED~~ ORDER]**
**CONSOLIDATING RELATED ACTIONS, APPOINTING**
<u>**CO-LEAD COUNSEL FOR PLAINTIFFS, AND STAYING CASE**</u>

Plaintiffs Brian Lee ("Lee"), Tamás Révész ("Révész"), and Zoheir Shorab ("Shorab," and with Lee and Révész, collectively "Plaintiffs"), who bring claims derivatively on behalf of Nominal Defendant Hyzon Motors, Inc. ("Hyzon") f/k/a Decarbonization Plus Acquisition Corporation ("DCRB"), by and through their counsel, and Nominal Defendant Hyzon, by and through its counsel, hereby stipulate to the following:

WHEREAS, on December 16, 2021, Plaintiff Lee filed a complaint asserting claims on behalf of Hyzon against Defendants Erik Anderson, Peter Haskopoulos, Craig Knight, Mark Gordon, Jennifer Aaker, Jane Kearns, Pierre Lapeyre, Jr., David Leuschen, Jim McDermott, Jeffrey Tepper, Robert Tichio, Michael Warren, Ivy Brown, Dennis Edwards, George Gu, Viktor Meng, Ki Deok Park, and Elaine Wong (collectively, the "Individual Defendants," and together with Hyzon, the "Defendants;" Defendants together with "Plaintiffs" are the "Parties"), who are certain current and former executive officers and directors of Hyzon or DCRB, captioned *Lee v. Anderson, et al.*, Case No. 6:21-cv-06744-CJS (the "*Lee* Action");

WHEREAS, on January 10, 2022, Plaintiff Révész filed a complaint asserting claims on behalf of Hyzon against the Individual Defendants, who are certain current and former executive officers and directors of Hyzon or DCRB, captioned *Révész v. Anderson, et al.*, Case No. 6:22-cv-06012-CJS (the "*Révész* Action");

WHEREAS, on January 14, 2022, Plaintiff Shorab filed a complaint asserting claims on behalf of Hyzon against the Individual Defendants, who are certain current and former executive officers and directors of Hyzon or DCRB, captioned *Shorab v. Anderson, et al.*, Case No. 6:22-cv-06023 (the "*Shorab* Action," and with the *Lee* Action and the *Révész* Action, collectively the

3

"Derivative Actions");

WHEREAS, under Fed. R. Civ. P. 42(a), when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

WHEREAS, Plaintiffs and Hyzon (the "Represented Parties") agree that the Derivative Actions challenge the same alleged conduct by substantially the same Company directors and officers and involve substantially the same questions of law and fact;

WHEREAS, the Represented Parties, therefore, respectfully submit that consolidation of the Derivative Actions is appropriate;

WHEREAS, to avoid potentially duplicative actions and to prevent any waste of the Court's and the Parties' resources, the Represented Parties agree that the Derivative Actions should be consolidated for all purposes, including pre-trial proceedings and trial, into a single consolidated action;

WHEREAS, to realize the efficiencies made possible by consolidation of the Derivative Actions, Plaintiffs agree that The Brown Law Firm, P.C. and Hynes & Hernandez, LLC, the resumes of which are attached hereto as Exhibit A and Exhibit B respectively, shall be designated as Co-Lead Counsel to represent plaintiffs in the consolidated derivative action;[1]

WHEREAS, there is substantial overlap between the facts and circumstances alleged in the Derivative Actions and a related putative class action captioned *In re Hyzon Motors Inc. Securities Litigation*, Master File No. 6:21-cv-06612-CJS (the "Securities Action");

WHEREAS, Hyzon, Erik Anderson, Peter Haskopoulos, Craig Knight and Mark Gordon, defendants in the Derivative Actions, also are defendants in the Securities Action;

---

[1] Hyzon takes no position regarding appointment of Co-Lead counsel for plaintiffs.

4

WHEREAS, certain relief requested in the Derivative Actions may be affected by the outcome of the Securities Action, and the outcome of the Securities Action may inform the manner in which the Derivative Actions proceed;

WHEREAS, given the circumstances of the Derivative Actions, in the interests of judicial efficiency, and to preserve the Parties' and the Court's resources, the Represented Parties agree that it is appropriate to stay the Derivative Actions until the Court in the Securities Action rules on an anticipated motion to dismiss the consolidated complaint in the Securities Action; and

WHEREAS, this stipulation is not a waiver of any of the Parties' rights, remedies, claims, or defenses.

WHEREFORE, the Represented Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an order as follows:

1.     Hyzon hereby accepts service of the complaints filed in the Derivative Actions to the extent it was not already served in any of them.

2.     The following actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Case No. 6:21-cv-06744-CJS (the "Consolidated Action"):

| Case Name | Case Number | Date Filed |
|---|---|---|
| *Lee v. Anderson, et al.* | 6:21-cv-06744-CJS | December 16, 2021 |
| *Révész v. Anderson, et al.* | 6:22-cv-06012-CJS | January 10, 2022 |
| *Shorab v. Anderson, et al.* | 6:22-cv-06023 | January 14, 2022 |

3.     Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE HYZON MOTORS, INC. DERIVATIVE LITIGATION | Lead Case No. 6:21-cv-06744-CJS |
| This Document Relates to: <br><br> ALL ACTIONS | |

4.     All papers filed in connection with the Consolidated Action will be maintained in one file under Lead Case No. 6:21-cv-06744-CJS.

5.     Co-Lead Counsel for Plaintiffs for the conduct of the Consolidated Action shall be:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

**HYNES & HERNANDEZ, LLC**
Michael J. Hynes
Ligaya T. Hernandez
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Telephone: (484) 875-3116
Email: lhernandez@hh-lawfirm.com
Email: mhynes@hh-lawfirm.com

6.     Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

7.     Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will

be initiated or filed by any plaintiffs except through Co-Lead Counsel.

8.     Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs in the Consolidated Action.

9.     This Order shall apply to each related shareholder derivative action involving the same or substantially the same allegations, claims, and defendants, and arising out of the same, or substantially the same, transactions or events as the Consolidated Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court ("Potential Subsequent Related Derivative Actions"). When a shareholder derivative action that properly belongs as part of *In re Hyzon Motors, Inc. Derivative Litigation*, Lead Case No. 6:21-cv-06744-CJS, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, this Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re Hyzon Motors, Inc. Derivative Litigation*, Lead Case No. 6:21-cv-06744-CJS, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to Potential Subsequent Related Derivative Actions filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court.

10.     All papers and documents previously filed and/or served in the Derivative Actions shall be deemed a part of the record in the Consolidated Action.

11.     All proceedings and deadlines in the Consolidated Action shall be temporarily stayed until such date that the Court enters an order that grants or denies in part or full defendants' anticipated motion to dismiss in the related Securities Action (the "Termination Date").

12.     Defendants shall not be required to move, or otherwise respond, to any of the complaints in the Consolidated Action during the pendency of the stay.

13.     Hyzon shall promptly notify Plaintiffs of any related derivative actions or threated derivative actions against Hyzon, including any demands under Delaware General Corporation Law Section 220, Del. Code Ann. tit. 8 § 220 (a "Section 220 Demand"), or litigation demands.

14.     Hyzon shall promptly notify Plaintiffs if any such related derivative action is not stayed for a similar or longer duration than the Consolidated Action.  If any such related derivative action is not stayed for a similar or longer duration than the Consolidated Action, Plaintiffs may, but are not required to, terminate this stay by giving 30 days' notice to counsel for Hyzon via email.

15.     Hyzon shall provide Plaintiffs with reasonable advance notice of and an opportunity to participate in any planned mediation or formal settlement discussions with plaintiffs in the Securities Action, and/or any related derivative actions or threatened derivative actions.

16.     Subject to agreement on an appropriate confidentiality agreement or protective order, Hyzon shall promptly produce to Plaintiffs any documents produced to a shareholder who makes a Section 220 Demand.

17.     During any period of time that this Derivative Action is stayed, Plaintiff may filed a consolidated complaint in the Consolidated Action; however, Defendants will not be required to respond to any consolidated complaint subject to the other terms of this Stipulation.

18.     Within fourteen (14) days of the expiration of this stay, the Parties shall meet and confer and submit a joint status report to the Court.

19.     Notwithstanding this stay, the Individual Defendants may accept service and/or Plaintiffs may effect service on them. The undersigned counsel for Hyzon represent that they are

in the process of formalizing and documenting acceptance of service on behalf of Individual Defendants.

20.     This stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Related Derivative Actions, except for objections to insufficient process or insufficient service of process.

**IT IS SO STIPULATED.**

Respectfully Submitted By:

DATED: January 19, 2022                 **THE BROWN LAW FIRM, P.C.**

_/s/ Timothy Brown_
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

_Counsel for Plaintiff Brian Lee and [Proposed]_
_Co-Lead Counsel for Plaintiffs_

DATED: January 19, 2022                 **HYNES & HERNANDEZ, LLC**

_/s/ Michael J. Hynes_
Michael J. Hynes[†]
Ligaya T. Hernandez[†]
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Telephone: (484) 875-3116
Email: lhernandez@hh-lawfirm.com
Email: mhynes@hh-lawfirm.com

_Counsel for Plaintiff Tamás Révész and_
_[Proposed] Co-Lead Counsel for Plaintiffs_

DATED: January 19, 2022

**THE ROSEN LAW FIRM, P.A.**

*/s/ Phillip Kim*
Phillip Kim
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

*Additional Counsel for Plaintiffs Brian Lee and Zoheir Shorab*

DATED: January 19, 2022

**BRAGAR EAGEL & SQUIRE, P.C.**

*/s/ Melissa A. Fortunato*
Melissa A. Fortunato
810 Seventh Avenue, Suite 620
New York, New York 10019
Telephone: (212) 308-5858Email:
fortunato@bespc.com

*Additional Counsel for Plaintiff Tamás Révész*

DATED: January 19, 2022

**SULLIVAN & CROMWELL LLP**

*/s/ Jacob M. Croke*
Jacob M. Croke
125 Broad Street
New York, NY 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
Email: crokej@sullcrom.com

Laura Kabler Oswell[†]
1870 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 461-5600
Facsimile: (650) 461-5700
Email: oswelll@sullcrom.com

*Counsel for Nominal Defendant Hyzon Motors, Inc.*

[†] Application for admission *pro hac vice* forthcoming

10

## ORDER

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED.**

Dated: _June 6, 2022_                    _Charles Siragusa_
                                         UNITED STATES DISTRICT JUDGE